# In the United States District Court
## For the Middle District of Pennsylvania

| | |
|---|---|
| **Leslie Paul Howarth**<br>4104 State Route 872<br>Coudersport, PA 16915<br><br>V.<br><br>**Blake Denistry, PC**<br>507 Dwight Street<br>Coudersport PA 16915 | )<br>)<br>)<br>) **4: CV 17-2316**<br>)<br>) CIVIL ACTION NO._____<br>)<br>)<br>)<br>)<br>) |

FILED WILLIAMSPORT DEC 15 2017 PER _____ DEPUTY CLERK

## TITLE III ADA COMPLAINT

### JURISDICTION

1. This District Court has subject matter jurisdiction under **28 U.S.C. § 1331**.

2. This action is commenced pursuant to **28 CFR § 36.501**

### ALLEGATIONS

3. The plaintiff, Leslie Paul Howarth is a disabled senior U.S. citizen of Potter County in the State of Pennsylvania, United States of America. He is also a proud voluntary Vietnam Era War Veteran, who recieves Social Security Disability (SSD) from the Social Security Administration (SSA), and medical services from the Veterans Administration (VA).

4. Plaintiff is an individual with medical problems that cause mobility impairment (high above the knee amputation of the left leg, with paralysis that makes the use of a prosthetic device infeasible, and nerve damage to both arms). Mr. Howarth must use a wheelchair or crutches for mobility (see Attachment:1-5). The Plaintiff is disabled by definition in accordance with 42 U.S.C. § 12102 (1)(A) see photo: 1 and attacment: 1-7 (B) see attachment: 1-5 and 6 and (C) see photo: 1 and attachment: 1-7, which qualifies him for Civil Rights granted by The Americans with Disabilities Act (ADA) of 1990, effective on January 26, 1992. Supporting medical records are available through the Social Security Administration (SSA), due to the fact he is disabled and he collects Social Security Disability (SSD), and through the Veteran's Administration (VA), which he recieves medical services from (see attachment: 1-5) due to the fact he is a Vietnam War

1

Era Veteran, and he possesses a Pennsylvania Handicapped Parking Permit (Permanent) P20601E which expires 03-18 (see attachment: 1-6).

5. The Defendant's facility, located at 507 Dwight Street, Coudersport, PA 16915, does not have the required number of ADA compliant parking spaces at this location, there are currently zero ADA compliant Handicapped parking spaces, or any type of non-compliant Handicapped parking spaces (see photo: 2 and 3). This is a violation of 28 C.F.R. § 36.201(a)(b) in accordance with 28 C.F.R. § 36 Appendix A.

6. The Plaintiff is a patient of Dr. Shane Blake who operates his denistry office from an office building at this location.

7. Thought was obviously given to ADA concerns when this office was constructed.. It has a gorgeous switchback ramp made of concrete and red brick, which unfortunately, only has one handrail (see photos: 4 and 5) and damage to the landing (see photo: 6), which could possibly get the front wheel(s) of a wheelchair jammed and eject a person from their wheelchair. This ramp is for access from the parking area to the front office door (which has an ADA compliant door handle).

8. There is not one ADA Handicapped compliant parking space in the parking lot. For the number of parking spots at this office, it appears only one ADA compliant handicapped parking spot is required (which must be van accessible - 28 C.F.R. § 36 Appendix A.).

9. We had our first real snow of accumulation on Monday November 20, 2017 here in the Coudesport area and the close parking spot by the office front door was taken by another vehicle. I had to walk across the parking lot which had an inch or more of snow on it, and it was very slippery. It was very nerve racking!

10. After concluding my business at the office and getting safely back to my car. I was in a agitated mood, since I had recently had a lot of teeth extracted in order to get dentures. Dr. Blake did a great job on the extractions, pretty much a pain free experience.

11. I was quite upset and wondered if there was someone I could report to about this situation. State Representative Martin Causer has an office in Coudersport. I drove to the office, only to be more exasperated! His office has no Handicapped parking (see photo: 7) and when I tried to walk up the ramp, to get to his office door, it was too steep and slippery, with warped wooden handrails (see photo: 8). I only got half way up in five minutes, it was just too dangerous! I had to turn around and come back down with with only one of my crutches falling. Thank God I wasn't hurt!

12. Not giving up, I drove over to the local Magistrates Office (55-3-01). This was the final straw. No Handicapped parking and no ranp and 2 steps to get in the front door (see attachment:1-7 and 12)! I managed to get inside with the help of a fellow who was waiting inside the door. I asked the secretary if there was someone I could talk to about the Handicapped parking problem (s.). I'm standing there in front of her in plain sight, and she asked me if I have Handicapped parking permit. Which is irrelevent, you don't

have to be handicapped to get something done about the problem, it's the Law. You do need to be disabled, to have standing to file a lawsuit. Then I mentioned to her how there isn't a Handicapped parking spot outside their office. She said, "We only have one parking space for our office." (Untrue, there are two signs saying "Magistrate Office Parking Only". see attachment: 1-6 and 8) I said well you know you (the office) need to have one. Her reply was, "It's been this way for 50 years". With that unsatisfactory response, I said "have a good day", went out the door and went home.

13. I was very dejected and upset. I said to myself, "there has to be something that can be done about these situations." The next day I went back to Representative Causer's office, after the snow had melted and talked to a different secretary, Suzie is her name. I asked her the question, if there was someone I could talk to or report these types of situations. She said she didn't know, but she would look into it and call me back. The next day she called me and told me Coudersport Borough has a Code Enforcement Official that works out of the Borough building (Suzie was very courteous and helpful).

14. I went to the Borough Building and got his card from the secretary -- Vance Bieser of Erb Inspections, Inc. They were closed for a 4 day Thanksgiving weekend. On Monday, November 27, 2017, I called their office and talked to the president - Mr. Erb. He explained to me that unless his company had issued the permit, there was nothing they could do about Handicapped Parking Issues.

15. I called the Department of Justice ADA number and a man told to me to fill out a form online, and I would hear back in about <u>three</u> months. That didn't mean they would do anything, just hear from them. Even so, I suspect they don't have the resources to do anything about an issue like this, that would probably seem quite trivial to them. Besides, if they take the case, there could be a fine and attourney's fees. I just want the problems fixed.

16. I have tried solving ADA issues before at lower levels. Five and a half years ago (2012) I had to be in courts in Coudersport, PA for traffic citations I had recieved. I filed a Disability Brief (first one of two, see attachment: 1-8 and 9) and requested accessible accommodations for some of the meeting locations and court facilities. (Which being 2012, after the updated 2010 ADA standards were in effect, shouldn't have been necessary.) Senior Judge John Leete, of the PA Commonwealth Court at Coudersport, even issued a Court Order to be fowarded to the County Commissioners (see attachment: 1-10), who he stated were in charge of upkeep of government buildings. I had reason to go back to the Courthouse to get a copy of my first Disability Brief, which I couldn't find in my records. The clerk asked me if I wanted a copy of the Order. I had forgotten all about it. So, even with a Couirt Order, almost zero corrections had been made in five and a half years. I drafted and filed a follow-up brief. (Disability Brief Number 2, see Attachment: 1-1-4). I understand the difference between a Title II and Title III complaint, The purpose of this attachment is to: show I have standing, and that nothing was remedied even with Mr. Howarth requesting accommodation and a Court Order directing to the responsible party (i.e. County Commissioners) to look into the problems. The digital images in this attachment, clearly show the lack of accessibilty then, and still exist

now, I would cosider that a futile gesture (see below **28 CFR 36.501**). (Side note: the Magistates office mentioned in 12. of this complaint (55-3-01) is pictured in this attachment: 1-7 and 12)

17. With winter coming and the associated snow and ice making parking areas very dangerous for someone with only one leg and walking on crutches, I had to do something sooner than 3 months. That is why I have opted for filing a Federal Lawsuit in accordance with:

**28 CFR 36.501 - Private suits.** (a)General. **Any person who is being subjected to discrimination on the basis of disability in violation of the Act** or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the Act or subpart D of this part **may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order.** Upon timely application, the court may, in its discretion, permit the Attorney General to intervene in the civil action if the Attorney General or his or her designee certifies that the case is of general public importance. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant *and may authorize the commencement of the civil action without the payment of fees, costs, or security.* **Nothing in this section shall require a person with a disability to engage in a futile gesture if the person has actual notice that a person or organization covered by title III of the Act or this part does not intend to comply with its provisions.**

# RELIEF

1. The plaintiff is seeking relief in accordance with **28 CFR § 36.304**

   A. In the form of injuctive relief to construct an ADA compliant parking space (s) in the office parking lot and to repair and modify the existing switchback ramp, including the broken concrete on the landing and to require the addition of the required second handrail and also have the bathroom be made ADA compliant., all specified in **28 C.F.R. § 36 Appendix A.**

2. To be reimbursed for litigation expenses, and costs related to this case to the plaintiff that are reimbursable in accordance with **42 U.S.C. § 12205.**

   A. Research and printing - Gratis
   B. Driving - $100/hour (local attourney's recieve ~$175/hour, I think $100 is reasonable for a 61-year old cripple missing a leg and having nerve damage to both arms) and $0.25/mile gas mileage back and forth for each trip from Odin, PA and Williamsport, PA. (I feel this is reasonable also, considering the current IRS rate for business' is 53 1/2 cents per mile.) (~4 hour drive @ ~200 miles, $400 + $100 = approximately $500 per round trip)
   C. Reimbursement for all court filing fees and the like.
   D. Reimbersment for any monies paid for having documents served.

*[signature: Leslie Paul Howarth]*

Respectfully Submitted,        December 15, 2017

Leslie Paul Howarth - Pro Se
4104 State Route 872
Coudersport, PA  16915

5